# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2764-22

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

S.A.S. (deceased),

     Defendant,

and

D.W.,

     Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF Z.S.S.,
a minor.

_____

Submitted May 7, 2024 – Decided May 14, 2024

Before Judges Puglisi and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0024-22.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Marc D. Pereira, Designated Counsel, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Meaghan Goulding, Deputy Attorney General, on the brief).

Jennifer Nicole Sellitti, Public Defender, Law Guardian, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender, of counsel; David B. Valentin, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant D.W.[1] is the biological father of Z.S.S.[2] Defendant appeals from the April 24, 2023 judgment of guardianship terminating his parental rights to the child. Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove the first, second, and third prongs of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

---

[1] We refer to the adult parties and the child by initials to protect their privacy. R. 1:38-3(d)(12).

[2] Z.S.S.'s biological mother, S.A.S. passed away in 2021.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the trial court's decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by the trial court in its thorough written decision rendered on April 24, 2023. We add the following comments.

As the trial date approached, defendant stopped attending court proceedings and failed to remain in contact with his attorney. As a result, the Division's attorney asked if the trial could "proceed virtually" as a number of the pre-trial conferences already had under the existing Covid-19 protocol. The court stated it had "no problem with that, as long as everybody else agrees." Defendant's attorney replied, "I consent." The Law Guardian said he "consent[ed] as well." As a result, the April 5, 2023 trial was conducted using Zoom, which is a video-conferencing platform.

In Point II of his appellate brief, and despite his attorney's explicit consent to the virtual proceeding, defendant argues for the first time that the trial was "constitutionally deficient" because "no accommodation was provided to [defendant] in order to enable [his] meaningful participation in his trial." This argument lacks merit. See R. 2:11-3(e)(1)(E).

A-2764-22

Contrary to defendant's unsupported contention that there was "no evidence that [he] knew how to access Zoom, would understand the significance of an email with a Zoom link, or had the technological or financial capability to access a computer to make use of a Zoom link[,]" defendant had already participated in several pre-trial conferences that were conducted using Zoom. Defendant never complained of any difficulty in accessing the video-conferencing platform in any of those proceedings. Moreover, defendant's attorney made opening and closing statements on his behalf, challenged the Division's evidence as needed, and thoroughly cross-examined both of the Division's witnesses. Therefore, defendant's trial comported with all due process requirements.

At the trial, the Division presented overwhelming evidence that established, by clear and convincing evidence, all four statutory prongs outlined in N.J.S.A. 30:4C-15.1(a). In its thorough decision, the trial court concluded that termination of defendant's parental rights was in Z.S.S.'s best interests, and fully explained the basis for each of its determinations.

The scope of our review of a trial court's decision to terminate parental rights is limited. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012). "Because of the family courts' special jurisdiction and expertise

in family matters," we accord deference to the trial court's fact-finding and the conclusions that flow logically from those findings of fact. Cesare v. Cesare, 154 N.J. 394, 413 (l998). We are bound by those factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007).

The trial court's opinion tracks the requirements of N.J.S.A. 30:4C-15.1(a), including the 2021 amendments to that statute,[3] and is supported by substantial and credible evidence in the record. F.M., 211 N.J. at 448-49. After appraising the record in light of the findings of fact contained in the court's decision, we find nothing that requires our intervention. The trial court carefully reviewed the relevant evidence and fully explained its reasons in a logical and forthright fashion.

Children like Z.S.S. are entitled to a permanent, safe, and secure home. We acknowledge "the need for permanency of placements by placing limits on the time for a birth parent to correct conditions in anticipation of reuniting with the child." N.J. Div. of Youth & Fam. Servs. v. C.S., 367 N.J. Super. 76, 111 (App. Div. 2004). As public policy increasingly focuses on a child's need for permanency, the emphasis has "shifted from protracted efforts for reunification

---

[3] See L. 2021, c. 154.

with a birth parent to an expeditious, permanent placement to promote the child's

well-being." Ibid. That is because "[a] child cannot be held prisoner of the

rights of others, even those of his or her parents. Children have their own rights,

including the right to a permanent, safe and stable placement." Ibid.

In summarizing the bases for its decision, the trial court stated:

> The evidence shows that substantively, [defendant] is
> not committed to [Z.S.S.]. [Defendant] did not
> complete any of the scheduled psychological
> evaluations. He failed to consistently visit [Z.S.S.] or
> maintain contact with the Division such that he could
> participate in psychological or bonding evaluations in
> order for an expert to opine on the quality of his
> relationship with [Z.S.S.]. [Defendant] had expressed
> a desire to voluntarily surrender his parental rights to
> [Z.S.S.] however [he] did not follow through with this
> stated desire or make meaningful efforts to show he
> wanted to parent [Z.S.S.]. Despite the length of time
> [Z.S.S.] has been in placement and the opportunities
> [defendant] has been given to become a stable parent,
> he has failed to do so. There is no evidence that
> [defendant] has a stable home for [Z.S.S.] to live in.
>
> [Z.S.S.] has multiple special needs which, by all
> accounts, are being met thoroughly by [the resource
> parent]. Her home is the only one [Z.S.S.] has ever
> known. [Defendant] has never parented [Z.S.S.] or
> even visited him in person.
>
> [Z.S.S.] has been removed from his parents for almost
> three years. [Defendant] has visited him a handful of
> times since June 2021 and all visits were virtual. He
> has not demonstrated any progress towards stability
> himself since his release from incarceration nearly two

6

years ago. To force [Z.S.S.] to wait for a speculative chance at reunification is not in his best interests. Freeing [Z.S.S.] for adoption will allow him the opportunity to get the permanency he so desperately needs and deserves particularly in light of the multitude of services he will not doubt require to address his medical needs.

We agree with the trial court that any further delay of permanent placement would not be in the child's best interests.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2764-22